## Shickle, Harrison & Howard Iron Company v. Matt Glon.

1. MASTER AND SERVANT—*Servant May Rely for a Reasonable Time upon the Master's Promise to Remedy a Defect.*—The servant can rely only for a reasonable time upon the master's promise to remedy the condition causing the danger. A reasonable time means, a time reasonably sufficient to remedy the condition. After the lapse of such a time, if the servant continues in the employment, he assumes the risk.

2. NEGLIGENCE—*When a Question of Law.*—Where, after considering as true all that the evidence tends to prove in a party's favor, it is apparent to the court that all disinterested reasonable minds will agree as to the character of the conduct—that it constitutes negligence, then the court should so assume and render judgment accordingly.

Trespass on the Case, for personal injuries. Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge presiding. Heard in this court at the August term, 1902. Reversed. Opinion filed March 2, 1903.

WISE & McNULTY, attorneys for appellant.

HARDING & HARDING and D. J. SULLIVAN, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in the City Court of East St. Louis, by appellee against appellant, to recover for a personal injury, sustained by appellee while in the service of appellant. Trial by jury. Verdict and judgment in favor of appellee for $800.

Appellee and about 200 other men were at work for appellant in a department of appellant's establishment called the chipping room. The work done in this department is called chipping. This is the designation given to the method in use there for smoothing rough castings. The men worked in pairs, one holding a chisel on the surface of the casting and the other striking with a sledge, whereby the projecting particles were cut off and the rough places made smooth. To make the chisel do the required work it was necessary to hold it at an angle, and as the work progressed, chips or particles cut from the casting would fly from the point of the chisel to a considerable distance, and were liable to strike the workmen in their eyes.

There were two methods in use by the workmen to protect themselves from this danger. One was to hold sacks over the points of their chisels, and the other to wear eye protectors, made of isinglass. These eye protectors appellant furnished free to the men.

Appellee had been at work in the place where he was injured for five months and was familiar with the manner in which the work was carried on and with the usual risks incident to his employment. He testified on the trial, that about six days before the injury he noticed that one of the men who worked near him, engaged in the same work, did not use a sack over his chisel and that chips were striking appellee, and that he complained of this to the foreman and the foreman replied, " Don't bother me;" that about three days before the injury he said to the foreman, " Stop

that fellow chipping me;" and the foreman replied, "Go ahead to your work; I am going to take care of that man." Nothing further was said or done about the matter. Appellee continued to work as before, and three days afterward was struck in the eye, and injured to such extent that he lost the sight of the injured eye. He says he don't know whether the chip came from the man he had complained of or not, but that it came from the direction of that man; that he does not know the name of the man he complained of; that he did not see him at the time of the injury, and did not see him all the time that day, but that when he did see him he was not using a sack. Appellee did not have on glasses or eye protectors at the time he was injured, and testified in rebuttal, that he could not read English and that no one ever told him that appellant furnished the men with eye protectors. Appellee's statements as to complaints and conditions are all denied by the foreman and he is strongly contradicted by other evidence, but at this stage of the case appellee is entitled to the benefit of all that the evidence fairly tends to prove.

Appellee and the man whose chips, it is claimed, struck appellee, were fellow-servants. This we understand appellee's counsel to concede, but their contention is that appellant was guilty of negligence in retaining this man after being notified of his negligence; that upon being so notified appellant should have either removed the man or corrected his conduct.

The whole case turns upon the duty of appellant to exercise reasonable care and diligence to furnish fellow-servants that were reasonably skillful and careful, and upon the duty of appellee with respect to his own safety under the circumstances that surrounded him. If we assume that appellee's statement is correct as to the conduct of his fellow-servant, that he did notify the foreman as he claims, that the foreman made reply as stated, that from such reply appellee was, at the time the reply was made, warranted in understanding that the foreman would remove the man or correct his conduct, and that the chip which struck appel-

lee's eye came from the chisel of that man, and that such would not have happened but for his negligence in the respect complained of, then was not appellee guilty of contributory negligence in remaining with his eyes wholly unprotected, hour after hour and day after day in imminent and continuous peril, when he knew that no effort had been, or was being made to remove the danger?

The servant can only rely for a reasonable time upon the master's promise to remedy the condition causing the danger. A reasonable time means, a time reasonably sufficient to remedy the condition. After the lapse of such time, if the servant continues in the employment he assumes the risk. Illinois Steel Co. v. Mann, 170 Ill. 200.

Each time when it is claimed that notice was given to the foreman, the alleged offending servant was in plain sight of both appellee and the foreman and within five or ten feet of them. It is not claimed that upon the first occasion anything was said by the foreman from which any promise could be inferred, and on the second occasion, if appellee did at first infer such promise from the foreman's reply, it must have become immediately apparent to him that he had either misinterpreted the foreman's reply, or that the foreman did not intend to act in the matter. If action was to be taken at all there was nothing in the way of immediate action; there were no repairs to be made or ordered from abroad, nor other thing to be done that would require more than a moment's time. Under all the circumstances of this case as disclosed by the evidence, appellee was not warranted in so long continuing to expose himself to the danger which he fully knew and appreciated, without himself taking some precaution to shield or protect his own eyes.

Counsel for appellee contend that the question as to appellee's negligence was a question of fact for the jury to determine. Usually it is a question of fact for the jury, whether a given state of conduct constitutes negligence, but where, after considering as true all that the evidence tends to prove in a party's favor, it is apparent to the court

that all disinterested reasonable minds will agree as to the character of the conduct—that it constitutes negligence, then the court should so assume and render judgment accordingly.

The judgment of the Circuit Court is reversed.

The court finds as a fact in this case, that appellee was injured as the result of a risk voluntarily assumed by him.